This is a suit against the Louisiana Coca-Cola Bottling Company, Ltd., brought by Mrs. Leonce Laborde, in which the sum of $10,214.09 is claimed as damages because of an illness she claims to have been caused by the presence of a roach in a bottle of Coca-Cola which she was drinking and which was manufactured by defendant.
The defense is to the effect that defendant is equipped with all modern machinery and all proper safeguards against impurities and every care taken to produce a product free from contamination, consequently, "it is practically a physical impossibility for any foreign substance to get into either the Coca-Cola or any of the bottles". *Page 390 
There was judgment below in plaintiff's favor in the sum of $1,214.09. Defendant has appealed and plaintiff has answered the appeal asking that the judgment be increased to the amount prayed for.
The evidence is to the effect that on June 29th, 1939, Mrs. Laborde went to the grocery store of A.N. Bordelon for the purpose of visiting her mother and sister who, at the time, occupied the premises above the grocery. While there, three bottles of Coca-Cola which, had previously been opened downstairs by Mr. Bordelon's daughter, were served. Mrs. Laborde drank part of her bottle and becoming suddenly nauseated, ran to the window and began a violent vomiting spell, so severe that it caused her to faint. She was taken to the Charity Hospital, given medical treatment and returned to her sister's home.
Meanwhile the contents of the Coca-Cola bottle were examined by the other ladies and found to contain a large cockroach.
Dr. Herbert M. Shilstone, an expert chemist, examined the remaining contents of the bottle Mrs. Laborde had been drinking from, and found it free of poisonous substances, so that Mrs. Laborde's condition could have been caused by nothing else than the presence of the roach in the bottle and whatever taste might have been imparted to the liquid by the cockroach, plus the emotional distress which may have been caused by the discovery of the insect. According to the record, however, prolonged and distressing consequences ensued.
Upon Mrs. Laborde's return to her sister's home from the Charity Hospital, Dr. Louis A. Monte was called. He made five visits to Mrs. Laborde and, on July 2d 1939, sent plaintiff to Hotel Dieu, where the contents of her stomach were removed and glucose administered intravenously. She remained in the hospital for about a week and then returned home, where she continued to suffer with her stomach. On July 18th, she was again sent to the Hotel Dieu where she remained until July 28th. Upon her return home she was still nauseated, nervous and unable to sleep. The testimony is to the effect that she walked the floor during the night because of her inability to sleep and that this condition persisted up to the time of the trial on February 25th, 1943, more than two years later.
The question of liability is not seriously contested. The defendant is shown to have a very modern plant and to have taken all precautions against impurities and to have had a very low percentage of contaminated bottles. For example, out of 98,709,851 bottles of Coca-Cola manufactured by defendant in 1942, only 17,225 were found to contain foreign substances before the product left defendant's plant, but it is conceded that some bottles do have foreign substances in them and it is possible that some may have escaped the vigilant methods employed by the defendant and have reached the public. Mr. Lind, the Secretary-Treasurer of the defendant, when asked what was the "largest piece of matter" he had seen in a Coca-Cola bottle, replied "roach". At all events the record justifies the conclusion that the bottle of Coca-Cola which Mrs. Laborde consumed did contain a roach and that it was in the bottle before the stopper or cap had been removed.
We find it difficult to understand why Mrs. Laborde should have suffered so much as the result of drinking Coca-Cola out of a bottle in which there was a roach, as disagreeable and disgusting as that experience may be, since it is shown that there were no poisonous substances in the bottle. Plaintiff's physician, Dr. Monte, testified that there was "no organic basis" upon which he could explain the symptoms which Mrs. Laborde developed as being due to her having consumed the Coca-Cola and considered her trouble entirely emotional and, in answer to a question, stated "I never did think she was really sick".
The other doctors who examined the plaintiff, Dr. Chaille Jamison, Dr. Edmond Connely, Dr. Max M. Green and Dr. John Redding, were unable to account for the symptoms which she displayed as having been occasioned by the Coca-Cola. Dr. Connely, a psychiatrist, stated that vomiting of this character was due to suggestion and that suggestion does not produce prolonged illness.
We hope we do plaintiff no injustice but we simply cannot believe that such prolonged, severe and distressing illness should have been caused by the drinking of the non-poisonous liquid in the Coca-Cola bottle, notwithstanding the presence of the roach which, incidentally, plaintiff did not see until after her first paroxysm of vomiting, the claim being that the roach so flavored the drink as to cause intense nausea. Of course, some physical and emotional distress was due to the roach, *Page 391 
but we think the award allowed below excessive and have concluded to reduce it to $750 for all items of damage claimed, consequently, and
For the reasons assigned the judgment appealed from is amended by reducing the amount awarded plaintiff from $1,214.09 to $750, and as thus amended it is affirmed, the costs of appeal to be paid by plaintiff and all other costs by defendant.
Amended and affirmed.